

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-10-2008

# Nally v. Life Ins Co N Amer

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4761

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Nally v. Life Ins Co N Amer" (2008). *2008 Decisions.* Paper 245.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/245

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-4761

VICKY NALLY, Administrator of the Estate of
Dennis Nally; VICKI NALLY, in her own right,
Appellant

v.

LIFE INSURANCE COMPANY OF NORTH AMERICA

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil No. 2:07-cv-00707
(Magistrate Judge: Honorable L. Felipe Restrepo)

Submitted Under Third Circuit LAR 34.1(a)
October 28, 2008

Before: MCKEE, NYGAARD, and MICHEL,[*] *Circuit Judges.*

(Filed: November 10, 2008)

OPINION OF THE COURT

_____

[*] The Honorable Paul R. Michel, Chief Judge of the United States Court of Appeals
for the Federal Circuit, sitting by designation.

MICHEL, *Chief Circuit Judge*.

Vicky Nally appeals from the District Court's grant of summary judgment in favor of the Life Insurance Company of North America ("LINA"). We will affirm.

I.

Because we write only for the parties, we will only briefly summarize the facts: Ms. Nally's late husband, Dennis Nally, was an insulin-dependent diabetic. One morning on his way to work, he was involved in a high-speed, single-vehicle automobile accident. Witnesses described Mr. Nally's driving before the crash as erratic. The police found no evidence of mechanical failure, poor driving conditions, or drug use by Mr. Nally.

Mr. Nally suffered severe traumatic injuries in the accident. It took response personnel approximately forty-five minutes to extricate him from his vehicle. His glucose was measured around the time he was extracted and found to be 37 mg/dl. Emergency medical technicians transported Mr. Nally to a hospital, where he died several days later.

Ms. Nally filed a claim with LINA under an accidental death and dismemberment policy provided to Mr. Nally through his employer. LINA determined that benefits were not payable because the policy excluded deaths resulting in whole or in part from "sickness" or "disease" and that Mr. Nally's accident resulted from hypoglycemia.

Ms. Nally filed suit in the Eastern District of Pennsylvania, challenging LINA's

2

denial of benefits. The district court granted summary judgment in favor of LINA.[1] This appeal followed.

## II.

The district court had subject-matter jurisdiction of this civil action arising under 29 U.S.C. § 1132(a)(1)(B) pursuant to 29 U.S.C. § 1132(f). We have jurisdiction over this appeal from the district court's final judgment pursuant to 28 U.S.C. § 1291.

A.     Standard of review

1.     Discretion under the policy

Ms. Nally argues at length for the blanket proposition that courts, rather than insurance companies, are entrusted with the responsibility of interpreting insurance contracts. **[Blue Br. at 19-22]** Although Ms. Nally quotes from *Firestone Tire and Rubber Co. v. Bruch*, **[Blue Br. at 20]** she inexplicably overlooks the holding of that case: "[A] denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." 489 U.S. 101, 115 (1989).

The policy as issue provides that "the Insurance Company shall have the authority, in its discretion, to interpret the terms of the Plan documents, to decide questions of

---

[1]    The district court's decision is available as *Nally v. Life Insurance Corp. of North America*, 43 Empl. Benefits Cas. (BNA) 1712, 2007 WL 4390423, 2007 U.S. Dist. LEXIS 92211 (E.D. Pa. 2007).

3

eligibility for coverage or benefits under the Plan, and to make any related findings of fact." Here, the district court determined this language was, pursuant to *Firestone*, a grant of discretion to interpret the plan. **[slip op. at 12]**

However, the summary plan description ("SPD") states that "[t]he Tyco Benefits Review Committee shall have the discretionary authority to determine eligibility for plan benefits and to construe the terms of the plan, including the making of factual determinations." Ms. Nally argues that the difference between the policy and the SPD as to what entity has authority to interpret the policy (the insurance company versus the Tyco Benefits Review Committee) means that the SPD controls and LINA therefore lacks authority to construe the policy. [2]

"[W]here a summary plan description conflicts with the plan language, it is the summary plan description that will control." *Burstein v. Ret. Account Plan for Employees of Allegheny Health Educ. & Research Found.*, 334 F.3d 365, 378 (3d Cir. 2003). "If an SPD conflicts with a plan document, then a court should read the terms of the 'contract' to include the terms of a plan document, as superseded and modified by conflicting language in the SPD." *Id*. at 381.

---

[2]     Ms. Nally's argument rests in large part upon her assertion that Pennsylvania's reasonable expectations doctrine is applicable. **[Blue Br. at 34-40]** However, federal common law—not state law—governs the interpretation of a benefit plan in an ERISA suit. *Feifer v. Prudential Ins. Co. of Am.*, 306 F.3d 1202, 1210 (2d Cir. 2002); *Hooven v. Exxon Mobil Corp*., 465 F.3d 566, 572 (3d Cir. 2006) ("Generally, breach of contract principles, applied as a matter of federal law, govern claims for benefits due under an ERISA plan." (quotation marks omitted)).

The district court determined that because both the policy and the SPD contained an unambiguous grant of discretion to some entity, the discrepancy between the two as to which entity had this discretion was not significant in this instance. **[Slip op. at 12]** The district court reasoned that the two documents could be read harmoniously as granting the Tyco Benefits Review Committee discretion (as noted by the SPD) which was permissibly delegated to LINA (as noted by the policy). **[Id.]**

We agree with the district court. In *Tocker v. Phillip Morris Cos.*, the Second Circuit determined that a policy vested discretion in an administrator even though the SPD given to the plaintiff was completely silent on the issue. 470 F.3d 481, 488-890 (2006). Other circuits have reached the same conclusion. *See Fenton v. John Hancock Mut. Life Ins. Co.*, 400 F.3d 83, 90 (1st Cir. 2005); *Martin v. Blue Cross & Blue Shield of Va.*, 115 F.3d 1201, 1205 (4th Cir. 1997); *Cagle v. Bruner*, 112 F.3d 1510, 1517 (11th Cir. 1997); *Wald v. S.W. Bell Corp. Customcare Med. Plan*, 83 F.3d 1002, 1006 (8th Cir. 1996); *Atwood v. Newmont Gold Co.*, 45 F.3d 1317, 1321-22 (9th Cir. 1995), *overruled on other grounds by Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 966-67 (9th Cir. 2006) (*en banc*). Given these holdings from other circuits, it would be anomalous for us allow the SPD's statement that the Tyco Benefits Review Committee had discretion to interpret the policy to invalidate the policy's grant of discretion to LINA.

5

## 2. Sliding scale

Even if the policy at issue grants an administrator discretion (presumptively entitling the administrator to review under an arbitrary and capricious standard), court scrutiny of the administrator's decision may be heightened if certain structural or procedural factors are present. *Post v. Hartford Ins. Co.*, 501 F.3d 154, 161 (3d Cir. 2007). "[A] structural conflict arises when the administrator has a non-trivial financial incentive to act against the interests of the beneficiaries." *Id.* at 162. Procedural factors warranting heightened scrutiny are generally actions of the plan administrator in reaching the decision at issue that give the court some reason to doubt the administrator's neutrality. *Id.* at 165. Under this sliding-scale method, courts are to "intensify[] the degree of scrutiny to match the degree of the conflict" based on structural and procedural factors. *Pinto v. Reliance Standard Life Ins. Co.*, 214 F.3d 377, 379 (3d Cir. 2000).

Before the district court, the parties agreed that LINA's both funding and administering the policy constituted a structural conflict warranting some increased scrutiny. Ms. Nally does not argue that additional structural factors are present in this case; she does, however, claim that procedural factors in the administrator's decision warrant heightened review. **[Blue Br. 50]**. The district court rejected these arguments. **[slip op. 14-15]**. Ms. Nally does not explain how the district court erred on this point; she merely repeats her arguments to the district court, often verbatim. **[Blue Br. 50]**.

Ms. Nally's main procedural argument is that LINA determined from the outset that it would deny her claim. Her only evidence in support of this contention is a short entry in LINA's internal logs, which reads

> 01/09/2006 claim for AD&D received in FCO. Death certificate states that Dennis Naly [sic] diedfrom [sic] multiple traumatic injuries as the result of an auto accident on December 8, 2005. Policy states that benefits will not be paid for loss which results directly or indirectly, in whole or in part, is [sic] caused by or results sickness [sic], disease or bodily ior [sic] mental infirmity.

[D 0036] Ms. Nally contends that this entry indicates that LINA decided at the beginning of the claim review process to determine that Mr. Nally's accident was a result of a medical condition and thus excluded under the policy.

The district court correctly rejected this argument. [Slip op. at 14] Ms. Nally lacks any corroborating evidence, and the passage she relies upon is hardly strong support for her theory.

Ms. Nally also asserts that LINA's interactions with a medical consultant, Dr. Matra Terlecki, is another procedural irregularity warranting heightened review. Ms. Nally asserts that LINA attempted to cover up Terlecki's involvement both before and during this lawsuit, asked her leading questions, and ignored unfavorable findings by Terlecki.

The district court rejected this group of arguments. It found that, although LINA did not disclose Terlecki's name, LINA mentioned "an independent medical review" in a

7

February 28, 2007 letter to Ms. Nally, and that this referred to Terlecki's review.[3]

LINA's questions to Terlecki (such as "What events could result in a reading of '34' and how long would it take for a person's levels to drop to that level? Please explain.") are not leading. And while Terlecki stated that because of the time lapse between the accident and Mr. Nally's first glucose test she could not determine whether he was hypoglycemic at the time of his accident, she also noted that a blood glucose level of 37 mg/dl was inconsistent with "safely operating a motor vehicle" and would produce "cognitive impairment."

The district court correctly found that no procedural factors warranted increasing its scrutiny of LINA's decision to deny Ms. Nally's claim, and was therefore correct to apply only a moderately-heightened standard of review. *See Post*, 501 F.3d at 164.

3.      Evidence

Ms. Nally complains that in reaching its decision LINA impermissibly relied on evidence that would not be admissible under either the Federal Rules of Evidence (such as police reports repeating statements by Ms. Nally and people who witnessed Mr. Nally's accident) or *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), (such as Terlecki's report). It is well-established that "[g]enerally, only evidence in the administrative record is admissible for the purpose of determining whether the plan

---

[3]   LINA also points out that Terlecki's report was produced along with the rest of the administrative record in the regular course of discovery.

administrator's decision was arbitrary and capricious." *Post*, 501 F.3d at 168.  Ms. Nally

presents no legal support for her contention that a plan administrator may only consider

evidence that would be admissible in original district court proceedings.  Such a

requirement would run counter to the policy behind arbitrary and capricious review of

administrator decisions.

B.      LINA's denial of benefits

After correctly determining the applicable standard of review, the district court

correctly applied it to review LINA's rejection of Ms. Nally's claim.  As the district court

found, there was evidence consistent with the proposition that Mr. Nally was

hypoglycemic at the time of his accident and that his hypoglycemia caused the accident.

That it may be impossible to prove that Mr. Nally was indeed hypoglycemic at the

moment of his accident does not mean that LINA's decision does not survive moderately

heightened arbitrary and capricious review.  It was not unreasonable for LINA to

conclude on the record before it that Mr. Nally's accident was a result of his

hypoglycemia and thus not covered by this policy.  The district court was correct to grant

of summary judgment in favor of LINA.

III.

Ms. Nally argued that the district court abused its discretion by not awarding her

attorney's fees pursuant to 29 U.S.C. § 1132(g)(1).  Because we have affirmed the district

9

court's grant of summary judgment in favor of LINA, the district court acted within its discretion in denying Ms. Nally's request for fees.

IV.

For the foregoing reasons, we will affirm the judgment of the district court.